

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Woodrow Curtis
County Attorney
Frio County
Pearsall, Texas

Dear Sir:

Opinion No. O-1250
Re: If a State Representative moves his
residence from a county within the
district to another county within
the district for which he was elect-
ed, does he thereby vacate his of-
fice?

We have for acknowledgment your letter of August
4th, 1939, wherein you ask the opinion of this department
upon the following question:

If Mr. Magus F. Smith, Representative for the 76th
District of Texas, who lives in Frio County, moves his
residence to Atascosa County, which is also in the 76th
Representative District, will he thereby vacate his office?

The applicable provisions of the Constitution upon
this subject are as follows:

Article 3, Section 2, which reads as follows:

"The Senate shall consist of thirty-one
members, and shall never be increased above this
number. The House of Representatives shall con-
sist of ninety-three members until the first ap-
portionment after the adoption of this Constitu-
tion, when or at any apportionment thereafter,
the number of Representatives may be increased by
the Legislature, upon the ratio of not more than
one Representative for every fifteen thousand
inhabitants; provided, the number of Representa-
tives shall never exceed one hundred and fifty."

Article 3, Section 7, which reads as follows:

"No person shall be a Representative, unless he be a citizen of the United States, and, at the time of his election, a qualified elector of this State, and shall have been a resident of this State two years next preceding his election, the last year thereof a resident of the district for which he shall be chosen, and shall have attained the age of twenty-one years."

Article 3, Section 23, which reads as follows:

"If any Senator or Representative remove his residence from the district or county for which he was elected, his office shall thereby become vacant, and the vacancy shall be filled as provided in section 13 of this article."

Article 3, Section 25, which reads as follows:

"The State shall be divided into Senatorial Districts of contiguous territory according to the number of qualified electors, as nearly as may be, and each district shall be entitled to elect one Senator; and no single county shall be entitled to more than one Senator."

Article 3, Section 26, which reads as follows:

"The members of the House of Representatives shall be apportioned among the several counties, according to the number of population in each, as nearly as may be, on a ratio obtained by dividing the population of the State, as ascertained by the most recent United States census, by the number of members of which the House is composed; provided, that whenever a single county has sufficient population to be entitled to a Representative, such county shall be formed into a separate Representative District, and when two or more counties are required to make up the ratio of representation, such counties shall be contiguous to each other, and when any one county has more than sufficient population to be entitled to one or more Representatives, such Representative or Representatives shall be apportioned to such county, and for any surplus of population it may be joined in a Representative District with any other contiguous county or counties."

It will be observed from a reading of all of the above Constitutional provisions upon this subject, that it was contemplated by the framers of the Constitution that, in certain instances, a Senator or a Representative might be elected for a single county, if a particular county met the population requirements; or, that a Senator or a Representative might, on the other hand, be elected from the district composed of several counties.

Examining Article 3, Section 23, in the light of this understanding of the other provisions of Article 3 of the Constitution, we are impelled to the conclusion that if a State Representative be elected from a district composed of several counties, it was intended by the framers of the Constitution that his office be vacated only by a removal of his residence from the district, and not by merely removing his residence from county to county within the district.

In the case where a district is composed of several counties, the Representative is elected for the district, and not for the particular county. On the other hand, where the single county is entitled to a Representative, of course, the Representative is elected for the county. If it had been intended by the framers of the Constitution that mere removal from one county within the district to another county within the district should vacate the office of State Representative, clearly there would have been no necessity for inserting the term "district" in Article 3, Section 23. If that had been the intent of the framers of the Constitution, we believe they would have stated merely that:

"If any Senator or Representative remove
his residence from the county for which he
was elected, his office shall thereby become
vacant, and the vacancy shall be filled as
provided in section 13 of this article."

We therefore advise that in our opinion, if Mr. Smith removes his residence from Frio County, which is within the 76th District for which he was elected, to Atascosa County, which is also within the 76th Representative District for which he was elected, he will not thereby vacate his office.

Hon. Woodrow Curtis, Page #4.

We wish to express our appreciation for the helpful discussion of this matter contained in your request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R W Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED AUG 19, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB.*
CHAIRMAN